UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | | |
|---|---|---|
| MARCUS S. MINIX, SR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 7: 21-069-WOB |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY DIALS, ET AL., | ) | **MEMORANDUM** |
| | ) | **OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Marcus S. Minix, Sr. recently filed a *pro se* civil rights complaint with this Court related to pending state criminal charges against him. [R. 1]. Minix named multiple defendants in his pleading, including but not limited to Timothy Dials and Erin Bravo of Kentucky's Office of Medicaid Fraud and Abuse Control. [*See id.*]. Among other things, Minix alleges that "[t]he defendants tried to frame [him]" and "deliberately fabricat[ed] evidence" against him and, thus, violated his constitutional rights and ran afoul of state and federal law. [*Id.*]. In addition to filing his complaint, Minix paid the $402.00 in filing and administrative fees. [R. 1-10].

At bottom, Minix's complaint and attached filings make it clear that his claims relate to ongoing criminal proceedings against him in *Commonwealth v. Marcus Minix*, No. 18-CR-00195 (Franklin Circuit Court 2018). Indeed, part of the relief Minix seeks is "an Order striking indictment number 18-CI-00195 obtained against [him] in Franklin Circuit Court, Frankfort, Kentucky." [R. 1 at 22]. A review of the Kentucky Court of Justice's publicly available online records show that this criminal case remains pending, and a jury trial has been scheduled.[1]

---

[1] *See* https://kcoj.kycourts.net/CourtNet. The Court takes judicial notice of this undisputed information. *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009).

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts should not exercise jurisdiction over civil matters in any fashion that would interfere with ongoing state criminal prosecutions absent truly extraordinary circumstances. *Id*. at 44. This rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). "There are three requirements for proper invocation of *Younger* abstention: '(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Sun Ref. & Mktg. Co. v. Brennan,* 921 F.2d 635, 639 (6th Cir. 1990) (citation omitted)).

Since each of these requirements appeared to be met in this case, the Court entered an Order directing Minix to show cause why the Court should not abstain from adjudicating his claims in light of his ongoing state criminal proceedings. [R. 8]. Minix has now filed a response to that Order, and he argues that this civil action "does not raise any constitutional challenges or questions." [R. 11 at 2]. Minix, however, then immediately claims that his "constitutional due process rights" *are* being violated because he is being "subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." [*Id.*]. Minix also claims, among other things, that "the indictment issued against him was based solely on the evidence of perjured testimony" and "false material statements were made to give the grand jury the false impression . . . that Minix was in some way responsible for" criminal activity. [*Id.* at 2, 5].

The Court has fully reviewed Minix's submission but finds that each of the three *Younger* abstention requirements are met here. After all, there is an ongoing state criminal case against

Minix, those criminal proceedings implicate important state interests (including public safety and the prosecution of alleged criminal offenses), and there is an adequate opportunity for Minix to raise constitutional challenges in that state case. Indeed, due respect for the legal process in state courts precludes any presumption that state courts are unable or unwilling to safeguard federal constitutional rights. *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982). Accordingly, *Younger* abstention is warranted and appropriate with respect to the claims raised in Minix's complaint—a pleading which does, in fact, allege constitutional infirmities in his ongoing prosecution. *See Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings). And to the extent that Minix suggests that an exception to *Younger* abstention applies, his arguments on that front are unpersuasive. For all of these reasons, Minix's complaint will be dismissed without prejudice. *See Mayes v. Rozalski*, No. 20-5364 (6th Cir. Oct. 9, 2020) (affirming this Court's without-prejudice dismissal of claims under the *Younger* abstention doctrine).

Accordingly, it is **ORDERED** as follows:

1. Minix's complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).

2. This action is **STRICKEN** from the Court's docket.

3. The Court will enter an appropriate Judgment.

This the 13th day of October, 2021.



Signed By:
<u>William O. Bertelsman</u> WOB
United States District Judge